**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X

DEUTSCHE BANK NATIONAL TRUST COMPANY,

Petitioner,

-against-

EUGENE THOMAS, *et al.*,

Respondents.

---------------------------------------------------------------------X

**26 Civ. 4996 (MMG) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

This case, a summary holdover proceeding originally filed in New York state court by Petitioner Deutsche Bank National Trust Company, as Indenture Trustee ("Petitioner"), was removed to this Court on June 12, 2026, by Respondent Eugene Thomas ("Respondent"). (Dkt. No. 1 (Notice of Removal); *see also* Dkt. No. 6 (amended Notice of Removal)).[1] On July 1, 2026, Respondent filed an affidavit of service on the docket reflecting service of the Notice of Removal. (Dkt. No. 10). The text entered on the docket accompanying Docket Number 10 indicates that Petitioner was "served on 6/16/2026, answer due 7/7/2026." On September 11, 2026, Petitioner submitted a letter requesting clarification as to what answer was due by July 7, 2026. (Dkt. No. 12). Petitioner states that it is the petitioner in this proceeding and the affidavit of service attests to service not on Petitioner but on "non-party McCabe Weisberg & Conway, LLC" ("McCabe Weisberg"). (*Id.*).[2]

Having considered Petitioner's letter, and having *sua sponte* considered the issue of its own subject matter jurisdiction, the Court issues the following rulings.

---

[1] Citations that follow are to Respondent's amended Notice of Removal.

[2] By Order dated September 15, 2026, the Court invited Respondent to respond to Petitioner's letter, and to request any extension of his deadline to move, answer, or otherwise respond to Petitioner's holdover petition, by no later than September 30, 2026. (Dkt. No. 13). No such filing has been received from Respondent, but that may be because it does not appear that the Clerk of the Court mailed Docket Number 13 to Respondent. On reflection, the Court believes it may address the issues raised in Petitioner's letter without a response from Respondent.

Petitioner's September 11 Letter

The Court agrees that Petitioner is not required to file an answer or any other pleading in this action at this point. Petitioner is the party that commenced this action in New York state court. Therefore, it is Respondent who would have to file an answer or other response to Petitioner's petition (assuming he did not file an answer in the state court prior to removal). *See* Fed. R. Civ. P. 81(c)(2). To the extent the text on the docket accompanying Docket Number 10 suggests that Petitioner was supposed to file an answer by July 7, 2026, it may be disregarded and is of no force and effect.

The Court is unsure, however, why Petitioner contends that it "has never been served with the notice of removal." (Dkt. No. 12). The affidavit of service filed at Docket Number 10 states that the removal papers were served on McCabe Weisberg, which is the law firm that appears to have been representing Petitioner in the state court. (*See* Dkt. No. 1 at 17-18, 20-21). Under 28 U.S.C. § 1446(d), a defendant removing an action is required to provide "written notice" of the removal to all adverse parties. Serving the removal papers on counsel for the plaintiff in the state court action satisfies this requirement. *Ye v. Even Hotel 35, LLC*, No. 25 Civ. 9280 (LGS), 2026 WL 266598, at *3 (S.D.N.Y. Feb. 2, 2026) (finding written notice requirement satisfied where removing party "filed an affidavit of service of the Notice of Removal on the attorneys for Plaintiff, the adverse party"); *Oatis v. Wal-Mart Stores, Inc.*, No. 2:13-CV-162-KS-MTP, 2013 WL 5817590, at *2 (S.D. Miss. Oct. 29, 2013) ("Federal courts have held that providing notice of removal to a party's attorney is sufficient to satisfy 28 U.S.C. § 1446(d).").

Petitioner's letter further states that it "received in the mail a proposed certificate of default from Mr. Thomas on August 30, 2026." (Dkt. No. 12). Although no such certificate of

default has been filed on the docket in this case, the Court notes that, as Petitioner is the party asserting the claims in this action, and no counterclaims or any other claims have been asserted against Petitioner, there would be no basis at this point for entry of any default judgment against Petitioner.

Subject Matter Jurisdiction

The Court is concerned that it may lack subject matter jurisdiction over this case, even though no party has raised this issue so far. *See Vilorio v. Zhang*, No. 23 Civ. 8205 (GHW), 2024 WL 3521887, at *1 (S.D.N.Y. July 23, 2024) ("Even where no party has raised the issue, 'federal courts have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*.'" (quoting *In re Tronox Inc.*, 855 F.3d 84, 95 (2d Cir. 2017))).

As an initial matter, the Court notes that, because the removal is predicated solely on diversity of citizenship under 28 U.S.C. § 1332(a) (*see* Dkt. No. 6, ¶¶ 5-14), and Respondent alleges he is a citizen of the State of New York (*id.* ¶ 7), Respondent had no right to remove this case to federal court. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). However, this rule, commonly known as the forum defendant rule, "is a procedural rule—not a jurisdictional requirement." *Balchem Corp. v. Actus Nutrition*, No. 25 Civ. 1027 (CS), 2025 WL 3158671, at *4 (S.D.N.Y. Nov. 12, 2025) (citing *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 313 (2d Cir. 2005)). Because Petitioner has not filed a timely motion to remand, it appears that Petitioner has waived any right it may have had to seek remand of this action back to state court on this ground. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship,* 213 F.3d 48, 50 n.2 (2d Cir. 2000) (concluding that although defendant was a citizen of

the forum state and was therefore not entitled to remove the case under section 1441(b), "[plaintiff] waived his right to object to this procedural defect . . . by failing to raise the objection within 30 days of removal").

Nonetheless, multiple open questions remain regarding this Court's subject matter jurisdiction over this action. First, there are other Respondents named in the holdover petition aside from Respondent Thomas. The citizenship of the other Respondents is not alleged in the Notice of Removal, or in the petition, and is unknown to the Court. Under Local Civil Rule 81.1, where a removing party seeks to invoke this Court's diversity jurisdiction, the notice of removal must, "regardless of whether or not service of process has been effected on all parties," set forth, "in the case of each individual named as a party, that party's residence and domicile and any state or other jurisdiction of which that party is a citizen for purposes of 28 U.S.C. § 1332[.]" Loc. Civ. R. 81.1(a).

Second, Respondent claims that he is "the only individual to have any interest in the property and is not aware of any occupancy by the [other] Respondents . . . [and] [a]s no other respondent has properly been served and joined at this time of this Notice of Removal, no other respondent is required to consent to removal [to] this court." (*See* Dkt. No. 6 ¶¶ 11, 13). It is not clear to the Court that the other Respondents named in the petition were not properly served. Given that the "removal is based on diversity jurisdiction, 'all defendants who have been properly joined and served must join in or consent to the removal of the action.'" *50 E. 65th St. Condo. v. Cont'l Cas. Co.*, No. 14 Civ. 2404 (VM), 2014 WL 2465042, at *1 (S.D.N.Y. May 14, 2014) (citing 28 U.S.C. § 1446(b)(2)(A)).

Third, the holdover petition primarily seeks to award Petitioner possession of the premises in question and remove Respondents from possession, and does not seek monetary

relief in any specific amount. (Dkt. No. 6 at 16-17). It is therefore unclear whether the amount in controversy in this matter exceeds $75,000, as required. *See* 28 U.S.C. § 1332(a). Respondent's conclusory assertions in the Notice of Removal that the amount in controversy exceeds $75,000 (*see* Dkt. No. 6 ¶¶ 6, 14) are insufficient to satisfy this requirement. *Torres v. Merriman*, No. 20 Civ. 3034 (PMH), 2020 WL 1910494, at *2 (S.D.N.Y. Apr. 17, 2020) ("[A] mere conclusory statement that the amount in controversy exceeds $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdiction threshold of 28 U.S.C. § 1332(a) has been met."); *see also, e.g.*, *Rosenberg v. Shemiran Co., LLC*, No. 20 Civ. 229 (CM), 2020 WL 550278, at *3-4 (S.D.N.Y. Feb. 3, 2020) (remanding holdover proceeding back to state court because amount-in-controversy requirement not satisfied).

Finally, this action is a summary proceeding to recover possession of real property pursuant to New York Real Property Law § 713 (*see* Dkt. No. 6 at 16), and "'[a]bsent express authorization by statute, federal courts cannot entertain summary proceedings.'" *Doris W. Ray Irrevocable Tr. v. Ray*, No. 6:17-cv-763 (MAD/TWD), 2018 WL 704385, at *4 (N.D.N.Y. Feb. 2, 2018) (quoting *United Mutual Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002)). In particular, the "procedural chasm" between the Federal Rules of Civil Procedure and the requirements of New York statutory summary proceedings "has consistently led federal courts sitting in New York to remand summary eviction proceedings back to New York courts." *Id.*; *see also Wells Fargo Bank, N.A. v. Thomas*, No. 15 Civ. 928 (PAE), 2015 WL 5319725, *2 (S.D.N.Y. Sept. 11, 2015) ("[T]he requirements of the Federal Rules of Civil Procedure, which ordinarily do not allow proceedings more summary than the full court trial provided at common law, are inconsistent with the strict requirements of a statutory summary eviction proceeding in

New York."). For this action to proceed in this forum, the Court would need to be convinced that this rule is inapplicable here.

Therefore, Petitioner is directed to file and serve upon Respondent a letter of no more than three single-spaced pages, by no later than Wednesday, October 28, 2026, stating either (a) that it intends to file a motion to remand this action and, if so, providing a summary of the anticipated grounds for its motion; or (b) that it does not intend to file a motion to remand and, if so, providing a statement as to why this Court has subject matter jurisdiction notwithstanding the issues identified above. Respondent shall file a letter of no more than three single-spaced pages, by no later than Thursday, November 12, 2026, setting forth his position on this question (including, if Petitioner does intend to move to remand, whether Respondent intends to oppose the motion). In the meantime, Respondent's time to answer or otherwise respond to Petitioner's petition shall be held in abeyance.[3]

The Clerk is respectfully directed to mail a copy of this Order to Respondent Thomas at the address indicated on the docket.

**SO ORDERED.**

DATED: New York, New York
October 19, 2026

The Honorable Gary Stein
United States Magistrate Judge

[3] The Court recognizes that Respondent should have filed an answer to Petitioner's petition (assuming he did not file one in state court) within seven days of filing his Notice of Removal. Fed. R. Civ. P. 81(c)(2)(C). However, given Respondent's *pro se* status, and the absence of any apparent prejudice to Petitioner, the Court would extend this deadline, should it be satisfied that subject matter jurisdiction exists.