**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------X
DEUTSCHE BANK NATIONAL TRUST COMPANY,

Petitioner,

-against-

EUGENE THOMAS, et al.,

Respondents.
----------------------------------------------------------------------X

**26 Civ. 4996 (MMG) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

The Court has considered Petitioner Deutsche Bank's October 27, 2026 letter providing notice of its intent to file a motion to remand this case back to state court (Dkt. No. 19), as well as Respondent Thomas's November 9, 2026 letter requesting that Petitioner not be given leave to file a motion to remand and further requesting the Court to order a Rule 26 discovery conference (Dkt. No. 20).

The Court grants Petitioner leave to file a motion to remand. Petitioner intends to move to remand this case on the basis that this Court lacks subject matter jurisdiction and "[i]f at any time before a final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Petitioner shall serve and file its motion to remand by no later than Wednesday, December 2, 2026. Respondent's opposition must be served and filed by no later than Wednesday, January 6, 2027. Petitioner's reply, if any, must be served and filed by no later than Friday, January 15, 2027.

In its October 27 letter, Petitioner stated that it intends to invoke the forum-defendant rule as one of its grounds for remand. In its Order entered October 19, 2026, the Court found that Petitioner had waived this argument by not moving for remand within 30 days of the notice of

removal. (Dkt. No. 15 at 3). Petitioner's October 27 letter does not address this issue. If Petitioner includes the forum-defendant rule as a ground for remand in its motion, it must explain why it has not waived this argument by not presenting it previously. The Court's October 19 Order also noted that the Court may lack subject matter jurisdiction in light of case law holding that federal courts cannot entertain summary proceedings such as an action to recover real property. (*Id.* at 5-6). Petitioner's October 27 letter does not mention this potential impediment to the Court's subject matter jurisdiction. Petitioner's motion for remand must address this issue, whether or not Petitioner relies on it as a basis for remand.

Finally, the Court denies Respondent's request for a Rule 26 conference so that discovery may begin. Respondent's November 9 letter does not demonstrate good cause for expedited discovery to be ordered in this case, particularly since it is unclear whether the Court has subject matter jurisdiction over this action in the first instance. *See, e.g.*, *Grecia v. Brass Lion Ent., Inc.*, No. 25 Civ. 1484 (JHR) (GS), 2025 WL 784912, at *1 (S.D.N.Y. Mar. 12, 2025) (noting and describing good cause standard for ordering expedited discovery prior to Rule 26(f) conference); *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 590 B.R. 200, 207 (Bankr. S.D.N.Y. 2018) ("Expedited discovery is not the norm." (citation omitted)).

**SO ORDERED.**

DATED: New York, New York
November 16, 2026

The Honorable Gary Stein
United States Magistrate Judge